**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH MICHAEL ARPAIO,<br><br>Plaintiff,<br><br>v.<br><br>JEFF ZUCKER, CHRIS CUOMO, CABLE NEWS NETWORK, INC., KEVIN ROBILLARD, HUFFINGTON POST, TESSA STUART and ROLLING STONE,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 1:18-cv-002894-RCL |

* * * * * * * * * * * * * *

**SPECIAL MOTION TO DISMISS PURSUANT TO THE D.C. ANTI-SLAPP ACT**

Pursuant to the District of Columbia Anti-SLAPP Act of 2010, D.C. Code § 16-5502(a) ("the Anti-SLAPP Act"), Defendants TheHuffingtonPost.com, Inc. (erroneously sued as "Huffington Post") and Kevin Robillard (the "HuffPost Defendants") respectfully move for an order dismissing Plaintiff Joseph Arpaio's ("Arpaio") Complaint with prejudice. As discussed more fully in the accompanying Memorandum of Law, the HuffPost Defendants' challenged article is protected by the Anti-SLAPP Act, as it constitutes an "[a]ct in furtherance of the right of advocacy on issues of public interest," D.C. Code § 16-5502(a), and Arpaio is unable to carry his burden of demonstrating that he is "likely to succeed on the merits" of his claims for defamation, tortious interference with prospective business relations, and false light invasion of privacy claims. *See* D.C. Code § 16-5502(b). The HuffPost Defendants therefore respectfully request that the Court grant their special motion to dismiss with prejudice.

The HuffPost Defendants reserve their right to file a motion seeking an award of their costs of litigation in this suit, including attorneys' fees. D.C. Code § 16-5504(a).

**REQUEST FOR HEARING**

The HuffPost Defendants respectfully request a hearing on their Special Motion to Dismiss pursuant to the D.C. Anti-SLAPP Act.

DATED: March 15, 2019

Respectfully submitted,

/s/ Jean-Paul Jassy
Jean-Paul Jassy (Admitted *Pro Hac Vice*)
William T. Um (Admitted *Pro Hac Vice*)
Elizabeth H. Baldridge (Admitted *Pro Hac Vice*)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH MICHAEL ARPAIO,<br><br>Plaintiff,<br><br>v.<br><br>JEFF ZUCKER, CHRIS CUOMO, CABLE NEWS NETWORK, INC., KEVIN ROBILLARD, HUFFINGTON POST, TESSA STUART and ROLLING STONE,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 1:18-cv-002894-RCL |

* * * * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF**
**SPECIAL MOTION TO DISMISS PURSUANT TO THE D.C. ANTI-SLAPP ACT**

Jean-Paul Jassy (Admitted *Pro Hac Vice*)
William T. Um (Admitted *Pro Hac Vice*)
Elizabeth H. Baldridge (Admitted *Pro Hac Vice*)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard*

## INTRODUCTION

This lawsuit is a public figure Plaintiff's attack on the HuffPost Defendants, a media entity and one of its reporters, stemming from a report briefly discussing the Plaintiff's conviction for criminal contempt of court, his presidential pardon and his controversial role in law enforcement, immigration affairs and racial profiling. Plaintiff Joe Arpaio's suit is a deliberate effort to punish speech on matters of public interest. The Complaint fails to state a claim as a matter of law and should be dismissed, as explained more fully in the HuffPost Defendants' concurrently-filed Motion to Dismiss and Memorandum of Law brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (collectively, "Rule 12(b)(6) Motion").

The HuffPost Defendants acknowledge that this District Court has previously found that it "must follow the clear guidance of the D.C. Circuit" and find the D.C. Anti-SLAPP Act inapplicable in federal diversity actions such as this one, *see, e.g.*, *Libre by Nexus v. BuzzFeed*, 311 F. Supp. 3d 149, 158-161 (D.D.C. 2018) (Mehta, J.), but the HuffPost Defendants respectfully bring this motion in order to preserve the issue for appeal.

## PERTINENT BACKGROUND

In the interest of brevity and to avoid redundancy, the HuffPost Defendants respectfully direct the Court to their Rule 12(b)(6) Motion and accompanying Request for Judicial Notice, all of which are incorporated herein by reference as if set forth in full. The Rule 12(b)(6) Motion fully sets forth the background and procedural history relevant to this action. The HuffPost Defendants refer to the HuffPost article that is the center of the claims against the HuffPost Defendants, as "the HuffPost Article."

**ARGUMENT**

In 2011, the District of Columbia enacted an anti-SLAPP statute, similar to other jurisdictions' anti-SLAPP statutes, in order to stem the flow of meritless lawsuits aimed at protected First Amendment activities. 58 D.C. Reg. 471 (Jan. 19, 2011). Furthering its purpose to deter sham suits, the Act permits a prevailing defendant to recover attorneys' fees. D.C. Code §§ 16-5502(a)-(b); 16-5504(a). Here, each of Arpaio's claims is based on the HuffPost Defendants' speech on public interest, thereby triggering the D.C. Anti-SLAPP Act's protections.

**I. This Court Should Apply the D.C. Anti-SLAPP Act in this Federal Diversity Case.**

From the Anti-SLAPP Act's enactment in 2011, through 2015, at least six judges of this District Court found the Act to apply. *See, e.g.*, *Farah v. Esquire Magazine, Inc.*, 863 F. Supp. 2d 29, 36 n.10 (D.D.C. 2012), *aff'd*, 736 F.3d 528 (D.C. Cir. 2013); *Forras v. Rauf*, 39 F. Supp. 3d 45, 51-52 (D.D.C. 2014); *Abbas v. Foreign Policy Grp., LLC* ("*Abbas I*"), 975 F. Supp. 2d 1, 9-11 (D.D.C. 2013); *Boley v. Atl. Monthly Grp.*, 950 F. Supp. 2d 249, 254 (D.D.C. 2013); *Diwan v. EMP Glob. LLC*, 841 F. Supp. 2d 246, 247 n.1 (D.D.C. 2012). This trend came to a halt in 2015, however, when the D.C. Circuit in *Abbas v. Foreign Policy Group, LLC* found the Act inapplicable in D.C. federal court. 783 F.3d 1328, 1333-37 (D.C. Cir. 2015) ("*Abbas II*"). The *Abbas II* court based its reasoning on the United States Supreme Court decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010). Specifically, the court made a finding that the D.C. Anti-SLAPP Act's "likelihood of success" standard for dismissal presented a "direct collision" between federal and state law.[1] *Abbas II*, 783 F.3d at 1334-35. This is because

[1] Other circuit courts' decisions in this area have diverged from the *Abbas II* result. *See, e.g.*, *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1182 (9th Cir. 2013) (finding that California's anti-SLAPP statute represents a "separate and additional theory upon which certain kinds of suits may be disposed before trial," thus supplementing but not conflicting with federal law and *Shady Grove*); *Godin v. Schencks*, 629 F.3d 79, 88-89 (1st Cir. 2010) (same, analyzing Maine statute).

the *Abbas II* court read this standard as being "different from and more difficult for plaintiffs to meet than the standard that Federal Rules 12 and 56 impose." *Id.* at 1335. The court found this to be an unacceptable "additional hurdle." *Id.*

The *Abbas II* court noted that if the D.C. Anti-SLAPP Act's standard for dismissal *did* mirror the standard articulated in Federal Rules 12 and 56, the outcome of the court's preemption analysis could have been different. *Abbas II*, 783 F.3d at 1335 n.3. Since *Abbas II*, the D.C. Court of Appeals held that D.C.'s Anti-SLAPP Act *does* in fact mirror the standard for dismissal in the federal rules: "*Abbas* [*II*] recognized that at the time, [the D.C. Court of Appeals] 'ha[d] never interpreted the D.C. Anti-SLAPP Act's likelihood of success standard to simply mirror the standards imposed by' Federal Rule 56. We do so now." *Competitive Enters. Institute v. Mann*, 150 A.3d 1213, 1238 n.32 (D.C. 2016) (*Mann*). Therefore, post *Mann*, there is no conflict between D.C.'s Anti-SLAPP Act and the Federal Rules. In fact, case law suggests that where a D.C. Court of Appeals has interpreted District law, that ruling controls over a federal court's interpretation. *See Easaw v. Newport*, 253 F. Supp. 3d 22, 34 (D.D.C. 2017) ("when the D.C. COA has spoken clearly and unmistakably to the current state of D.C. law, its views must govern"). The *Mann* decision post-dates *Abbas II*. There is no barrier to this Court's application of the D.C. Anti-SLAPP Act in this federal diversity case.

Even though the Act's dismissal standard mirrors that of the federal rules, as determined in *Mann*, the application of the Act in this case would not be redundant. That is because the Act provides a fee-shifting measure: a prevailing defendant can recover costs and attorneys' fees. D.C. Code § 16-5504. Not applying the D.C. Anti-SLAPP Act in this case would allow Arpaio to avoid the Act's free speech-protective fee-shifting provisions simply by bringing his case in federal court rather than D.C. Superior Court. This Court should uphold the policy of protecting freedom of

speech and of the press by interpreting *Mann* to apply to the D.C. Anti-SLAPP Act, and, as discussed in greater detail below, awarding the HuffPost Defendants their costs and attorneys' fees incurred in this action.

## II. Arpaio's Claim Against The HuffPost Defendants Should Be Dismissed Under the D.C. Anti-SLAPP Act.

Arpaio's claims based on the HuffPost Article trigger the protections of the Anti-SLAPP Act, Arpaio is not likely to succeed on the merits of his claims and the HuffPost Defendants should be awarded their fees and costs.

### A. Arpaio's Claims Against The HuffPost Defendants Fall Within The Ambit Of The Anti-SLAPP Act's Protections.

The D.C. Anti-SLAPP Act applies where the plaintiff's claims "arise[] from an act in furtherance of the right of advocacy on issues of public interest." D.C. Code § 16-5502(b). The Act defines "advocacy" to include "[a]ny written or oral statement" made "[i]n a place open to the public or a public forum in connection with an issue of public interest." *Id.* at § 16-5501(1)(A)(ii). "Issue of public interest" under the Act means "an issue related to health or safety; environmental, economic, or community well-being; the District government; a *public figure*; or a good, product, or service in the market place." *Id.* at § 16-5501(3) (emphasis added).

Here, the HuffPost Article easily meets these applicable definitions. First, the HuffPost Article qualifies as a "place open to the public or a public forum" because it was published online. D.C. federal courts have stated that such online articles are posted in a public forum for purposes of the statute, as "anyone with a working internet connection or access to one can view it." *See Abbas I*, 975 F. Supp. 2d at 11. Second, the HuffPost Article is of public interest because it is about Kyrsten Sinema's (a U.S. Senate candidate's) political positions, including Sinema's refusal to sign

a letter asking President Trump not to pardon Arpaio – a prominent public figure and former elected Sheriff of Maricopa County, Arizona – for his conviction for criminal contempt. *See* Compl., ¶¶ 15, 16, Dkt. 1-1; *Abbas I*, 975 F. Supp. 2d at 11-12 (individual in a prominent role regarding politics and public controversy is a matter of public interest for purposes of D.C. Anti-SLAPP Act); *see also* HuffPost Defendants' Rule 12(b)(6) Motion at 26-29 (fuller exposition on Arpaio's public figure status). Thus, the topic of the article generally (a U.S. Senate candidate's positions and activities) and the specific discussion of Arpaio in the article (in reference to a major national controversy involving his conviction for criminal contempt of court for violating an injunction to prevent racial profiling and his subsequent presidential pardon) are of public interest under the D.C. Anti-SLAPP Act's definitions.

**B. Arpaio's Claims Are Not Likely to Succeed on the Merits.**

Because the HuffPost Article qualifies for the protections of the D.C. Anti-SLAPP Act, the HuffPost Defendants' special motion to dismiss should be granted unless Arpaio can demonstrate that his claims are "likely to succeed on the merits." D.C. Code § 16-5502(b). He cannot do so here. As explained in the HuffPost Defendants' Rule 12(b)(6) Motion, Arpaio fails to state a viable or plausible claim as a matter of law. The defamation claim is barred by the doctrines of substantial truth, libel-proof plaintiff and actual malice. And the ancillary tortious interference and false light claims fail because they are subject to the same strictures as the fatally flawed defamation claim, and also because Arpaio cannot establish several necessary elements of those claims.

## CONCLUSION

For the foregoing reasons, the HuffPost Defendants respectfully request that their Special Motion to Dismiss be granted, that the Complaint be dismissed with prejudice, and that the

HuffPost Defendants be awarded their reasonable attorneys' fees and costs.

DATED: March 15, 2019

Respectfully submitted,

/s/ Jean-Paul Jassy

Jean-Paul Jassy (Admitted *Pro Hac Vice*)
William T. Um (Admitted *Pro Hac Vice*)
Elizabeth H. Baldridge (Admitted *Pro Hac Vice*)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH MICHAEL ARPAIO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:18-cv-002894-RCL |
| JEFF ZUCKER, CHRIS CUOMO, CABLE NEWS NETWORK, INC., KEVIN ROBILLARD, HUFFINGTON POST, TESSA STUART and ROLLING STONE, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * *

**PROPOSED ORDER**

Upon consideration of the Defendants' Special Motion to Dismiss Pursuant to the D.C. Anti-SLAPP Act, it is hereby ORDERED that the motion is GRANTED. Plaintiff Joseph Michael Arpaio's Complaint is dismissed with prejudice as against Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard. As the prevailing parties, Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard may move for an award of attorneys' fees and costs pursuant to D.C. Code § 16-5504(a).

Dated this ______ day of ____________ 2019.

______________________________________

ROYCE C. LAMBERTH
UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, copies of the foregoing Special Motion to Dismiss Pursuant to the D.C. Anti-SLAPP Act and Proposed Order were electronically filed through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Larry E. Klayman
**KLAYMAN LAW GROUP, P.A.**
202 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
Telephone: (310) 595-0800
Facsimile: (202) 379-9289
leklayman@gmail.com

*Attorneys for Plaintiff Joseph Michael Arpaio*

Kevin Taylor Baine
Stephen J. Fuzesi
Nicholas G. Gamse
**WILLIAMS & CONNOLLY LLP**
725 12th Street NW
Washington, DC 20005
Telephone: (202) 434-5010
Facsimile: (202) 434-5018
kbaine@wc.com
sfuzesi@wc.com
ngamse@wc.com

*Attorneys for Defendants*
*Jeff Zucker, Chris Cuomo, and Cable News Network, Inc.*

Alison Schary
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
Telephone: (202) 973-4248
Facsimile: (202) 973-4499
alisonschary@dwt.com

Elizabeth A. McNamara
Rachel F. Strom
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Telephone: (212) 489-8230

*Attorneys for Defendants*
*Tessa Stuart & Rolling Stone*

/s/ Elizabeth Baldridge

Elizabeth Baldridge
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com

*Attorneys for Defendants*
*TheHuffingtonPost.com, Inc. and Kevin Robillard*