## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSEPH MICHAEL ARPAIO,

               Plaintiff,

     v.

JEFF ZUCKER, CHRIS CUOMO, CABLE NEWS NETWORK, INC., KEVIN ROBILLARD, HUFFINGTON POST, TESSA STUART, and ROLLING STONE,

               Defendants.

Civil Action No.
1:18-cv-02894-RCL

---

### RESPONSE TO PLAINTIFF'S "NOTICE OF BENCH BRIEF"

Plaintiff's "Notice of Bench Brief" is unauthorized by the rules, adds nothing to the arguments already made in prior briefing and at oral argument, and should be disregarded.

In any event, Plaintiff fundamentally mischaracterizes the seminal holding of *New York Times v. Sullivan* by quoting this passage from the Court's opinion out of context: "[g]ood motives and belief in truth do not [even] negate an inference of malice, but are relevant only in mitigation of punitive damages if the jury chooses to accord them weight." *New York Times v. Sullivan*, 376 U.S. 254, 267 (1964). That was <u>not</u> the Court's holding, but rather its summary of Alabama law, which the Court went on to hold was unconstitutional because it did not provide adequate protection for free speech. *Id.*

Plaintiff further ignores what this Court explained in *Lohrenz v. Donnelly*, 223 F. Supp. 2d 25, 45 (D.D.C. 2002), *aff'd*, 350 F.3d 1272 (D.C. Cir. 2003): a defendant's "'motive in publishing a story . . . cannot provide a sufficient basis for finding actual malice.'" *Id.* at 45 (quoting *Harte-Hanks Comm., Inc. v. Connaughton*, 491 U.S. 657, 665 (1989)). Nor is "a media defendant's

'adversarial stance' . . . 'indicative of actual malice.'" *Id*. at 46 (quoting *Liberty Lobby, Inc. v. Rees*, 852 F.2d 595, 601 (D.C. Cir. 1988)).

Plaintiff also continues to ignore the numerous cases applying *Ashcroft v. Iqbal*, 556 U.S. 662 (2008), to dismiss complaints for failure to adequately plead actual malice.  And Plaintiff still disregards the authority holding that a prompt correction "'is significant and tends to negate any inference of actual malice.'" *Logan v. District of Columbia*, 447 F. Supp. 1328, 1332 (D.D.C. 1978) (quoting *Hoffman v. Washington Post Co.*, 433 F. Supp. 600, 605 (D.D.C. 1977), *aff'd*, 578 F.2d 442 (D.C. Cir. 1978)).

For all of the reasons explained in Defendants' briefs and at oral argument, Plaintiff's Complaint should be dismissed with prejudice.

Dated:  July 26, 2019

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ Stephen J. Fuzesi
Kevin T. Baine
Stephen J. Fuzesi
Nicholas G. Gamse
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
sfuzesi@wc.com

*Attorneys for Defendants Jeff Zucker, Chris Cuomo, and Cable News Network, Inc.*

DAVIS WRIGHT TREMAINE LLP

By: /s/ Alison Schary
Alison Schary
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006
Telephone: (202) 973-4248

Facsimile: (202) 973-4499
alisonschary@dwt.com

Elizabeth A. McNamara (*pro hac vice*)
Rachel Strom (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
lizmcnamara@dwt.com

*Attorneys for Defendants Rolling Stone LLC
and Tessa Stuart*

JASSY VICK CAROLAN LLP
By: /s/ Jean-Paul Jassy
Jean-Paul Jassy (*pro hac vice*)
William T. Um (*pro hac vice*)
Elizabeth H. Baldridge (*pro hac vice*)
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile:  (310) 870-7010
jpjassy@jassyvick.com

Laura C. Fraher (DC Bar No. 979720)
SHAPIRO, LIFSCHITZ & SCHRAM P.C.
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants Huffington Post and
Kevin Robillard*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2019, a copy of this Response to Plaintiff's "Bench Brief" was filed via the Court's electronic filing system, and served via that system upon all parties required to be served.

Dated:  July 26, 2019                                By:  <u>/s/ Nicholas G. Gamse</u>
                                                          Nicholas G. Gamse